## (May 10, 1962)

■ In the Matter of ABBOTT H. JONES, JR., an Attorney, Respondent.— Respondent was admitted to practice law in this State at the January 1936 Term of this court. A certified copy of a judgment of conviction of the Rensselaer County Court discloses he has been convicted of grand larceny, first degree, upon his plea of guilty and was sentenced on April 25, 1962 to a term of imprisonment in a State prison. He is, therefore, no longer competent to practice law. (Judiciary Law, § 90, subd. 4.) Respondent's name is directed to be stricken from the roll of attorneys. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

## (May 11, 1962)

In decisions Nos. 1–21: Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DAVID FOSTER, Appellant.— Motion to dismiss appeal denied.

■ STUART S. RILEY, as Administrator of the Estate of JOHN S. RILEY, Deceased, Appellant, v. BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF MASSENA, NORFOLK, LOUISVILLE AND BRASHER, COUNTY OF ST. LAWRENCE, et al., Defendants, and AGNES McGINNIS et al., Respondents.— Motion for permission to appeal to the Court of Appeals dismissed.

■ In the Matter of the Claim of LEON CRAMER, Respondent, v. BARNEY'S CLOTHING STORE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Appellant.— Motion for reargument denied. Motion for permission to appeal to the Court of Appeals on certified question granted. Question certified as follows: Was there substantial evidence of accidental causation supporting the Workmen's Compensation Board determination?

■ (A) In the Matter of the Accounting of ETHEL M. SAMUELS, as Executrix of HARRY H. SAMUELS, Deceased, Appellant. JOHN MARELLA, Appellant. (B) In the Matter of the Claim of BETTY RASKIND, Respondent, v. SPEED PRINTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— [In each action] Motions for permission to appeal to the Court of Appeals and to certify that questions of law are involved which ought to be reviewed by the Court of Appeals, denied, without costs.

■ (A) In the Matter of the Claim of JOHN WOJCIECHOWSKI, Respondent, v. BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. (B) COLONIE MOHAWK CORP., Appellant, v. GILBERT & BARKER MANUFACTURING COMPANY, Respondent.— [In each action] Motions for permission to reargue or in the alternative to appeal to the Court of Appeals denied, without costs.

■ EAST HILLS CLEANERS & DYERS, INC., Respondent, v. STATE OF NEW YORK, Appellant.— Motion for permission to appeal to the Court of Appeals and to certify that questions of law are involved which ought to be reviewed by the Court of Appeals denied, without costs.

■ In the Matter of the Claim of CATHERINE SCHURMANN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Motion granted, fee fixed at $150 and disbursements allowed in the sum of $20.90.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WINFIELD I. NICHOLSON, Appellant.— Reapplication for assignment of counsel denied.